IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| IVERY T. WILLIAMS, PRO SE, | § | |
| A.K.A. IVERY TRAVENIO WILLIAMS, | § | |
| TDCJ-CID #183233 | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0061 |
| | § | |
| RISSI OWENS, in her individual capacity, and | § | |
| NATHANIEL QUARTERMAN, in his | § | |
|     individual capacity, | § | |
| | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff IVERY T. WILLIAMS, also known as IVERY TRAVENIO WILLIAMS, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Plaintiff, who in 1965 received life sentences for five robbery convictions and a rape conviction, along with a 25-year sentence for assault with intent to commit rape and a three year sentence for theft over $50.00; who in 1979 received a 99-year sentence for aggravated robbery; and who in 1988 received a two-year sentence for possession of marijuana, complains of illegal incarceration in violation of Due Process, Double Jeopardy, the Ex Post Facto prohibition, and

Separation of Powers. Plaintiff also claims he has been wrongfully denied mandatory supervised release on his 99-year sentence for aggravated robbery and has been forced to serve 10 years past his 1999 release date or, alternatively was wrongfully denied parole review hearings until 1999.

Plaintiff requests an award of $500,000.00 for illegal incarceration, $500,000.00 for his claim of bad faith; $4,500,000.00 in compensatory damages, $5,500,000.00 in punitive damages, nominal damages, attorneys fees, costs, and unspecified injunctive relief.

## JUDICIAL REVIEW

Title 28, United States Code, section 1915A provides:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> * * *
>
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous[1], malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Attorney's fees are not available to a non-attorney, pro se litigant. *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990).

As to plaintiff's other claims for monetary relief, *i.e.*, for his "illegal incarceration," the defendants' "bad faith," for punitive, compensatory and nominal damages, as well as costs of court, all are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), because a grant of any such relief would imply the invalidity of plaintiff's present and/or future incarceration, falling within the exclusive domain of habeas. *Wilkinson v. Dotson*, 544 U.S. 74, 80-81, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005).

Thus, plaintiff's claims for monetary relief lack an arguable basis in law and are frivolous until the *Heck* conditions have been met[3].

To the extent plaintiff is complaining that he has not been released to mandatory supervision, any such complaint is without merit. Plaintiff is presently serving several life sentences. This Court and at least one other court addressed this claim in petitioner's prior federal habeas corpus cases, finding that under Texas law inmates serving life sentences are not eligible for release to mandatory supervision. *See Report and Recommendation of the United States Magistrate Judge* entered February 13, 2009, Northern District of Texas, Cause number 2:08-CV-15, adopted in Order of Dismissal, February 24, 2009; *Report and Recommendation of the United States Magistrate Judge* entered Feb. 12, 2002, Eastern District of Texas, Cause

---

[3]Plaintiff recently brought these exact claims before this Court in a habeas action, cause no. 2:08-CV0015.

number 6:01-CV-543, adopted in *Order of Dismissal*, March 13, 2002; *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding the denial of mandatory supervision release to an inmate serving a life sentence does not violate the Constitution).

A claim for injunctive relief may not necessarily fall within the exclusive domain of habeas corpus and, therefore, may not be barred by *Heck*, *accord Wilkinson v. Dotson*, 544 U.S. at 81, 125 S.Ct. at 1247. Nevertheless, plaintiff's claim for injunctive relief, contained in his March 24, 2009 Amended Complaint, is referenced solely in his prayer for relief, without any supporting factual allegation against either defendant. To the extent plaintiff identifies the defendants on this claim as "RISSI OWENS, Director of the Texas Board of Pardons and Paroles and NATHANIAL QUARTERMAN, Director TDCJ-ID Both Individual Capacity[4]," plaintiff does not allege any act or omission by either defendant in an individual capacity which shows their personal involvement in any alleged constitutional violation. Further, although plaintiff alleges the "Texas Parole Board" retroactively applied new law, he does not allege either named defendant participated in any one or more of the decisions he appears to be challenging.

Plaintiff does assert a claim of conspiracy by the two named defendants to keep plaintiff incarcerated for the rest of his life; however, plaintiff does not make any allegation of material fact to support that claim. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

---

[4]See plaintiff's March 24, 2009 Amended Complaint at page 1, the style.

Plaintiff has utterly failed to state a claim against the defendants in their individual capacity.

Lastly, the Court notes that the substantive merits of plaintiff's arguments in favor of his release have been analyzed and addressed most recently in his habeas action in this Court, 2:08-CV-0015 and his earlier civil rights suit in the United States District Court for the Eastern District of Texas, Tyler Division, 6:05-CV-0420. Further, plaintiff raised substantially the same arguments in his habeas action in the United States District Court for the Eastern District of Texas, Tyler Division, cause no. 6:01-CV-0543, and, in part, in his mandamus action in the United States District Court for the Northern District of Texas, Dallas Division, cause no. 3:04-CV-0548. Notwithstanding plaintiff's previous litigation of these claims, the Court has reviewed and addressed his allegations to the extent they can be understood and is not recommending dismissal based on res judicata. However, plaintiff is now on notice that claims which have received a determination on their merits in this cause will be subject to dismissal on res judicata in the future.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, section 1915A, it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff IVERY T. WILLIAMS, also known as IVERY TRAVENIO WILLIAMS, be DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE

MET[5], AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of May, 2009.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district

---

[5] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

6

court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).